UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COLE-PARMER INSTRUMENT COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL LABORATORIES, INC.,<br><br>Defendant. | Case No. 20-CV-08493-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

Cole-Parmer Instrument Company LLC ("Plaintiff")[1] sues Professional Laboratories, Inc. ("Defendant") for (1) trademark infringement under 15 U.S.C. § 1114(1); (2) federal unfair competition under 15 U.S.C. § 1125(a); (3) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (4) trademark infringement under common law; and (5) unfair competition under California common law. Before the Court is Defendant's motion to dismiss Plaintiff's Complaint. ECF No. 9. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss

---

[1] On April 12, 2021, the Court granted the parties' stipulation to substitute Cole-Parmer Instrument Company LLC in place of Zefon International, Inc. as Plaintiff after Cole-Parmer Instrument Company LLC "acquired certain assets of [Zefon International, Inc.] at issue in this proceeding, including the trademarks ZEFON® and AIR-O-CELL®." ECF No. 39.

1
Case No. 20-CV-08493-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

with leave to amend.

## I. BACKGROUND

### A. Factual Background

Plaintiff is an Illinois limited liability company with its principal place of business in Vernon Hills, Illinois. ECF No. 38, at 2 ("Ex. B"). Zefon International, Inc. ("Zefon"), Plaintiff's predecessor-in-interest, is a Florida corporation with its principal place of business in Ocala, Florida. Complaint, ECF No. 1, at ¶ 2 ("Compl."). Defendant is a Florida corporation with its principal place of business in Weston, Florida. *Id.* ¶ 3.

Plaintiff alleges that it is the current owner of two registered trademarks: the ZEFON® trademark and the AIR-O-CELL® trademark.[2] *Id.* ¶¶ 10–11; ECF No. 39. Zefon was the original owner of the ZEFON® and AIR-O-CELL® trademarks. *Id.* ¶¶ 8, 10, 11. Products bearing these trademarks are "used to test indoor air for the presence of dangerous latent environmental toxins such as mold, asbestos, beryllium, lead, and silica." *Id.* ¶ 8. Since 1991, Zefon has "manufactured, promoted, and sold air sampling equipment" bearing the ZEFON® trademark. *Id.* ¶ 8. According to Plaintiff, "ZEFON® branded air sampling goods are recognized for their reliability and accuracy" by several industry groups and "have also received third party validation from a university-sponsored testing laboratory." *Id.* ¶ 9. Among Plaintiff's air sampling products is a line of AIR-O-CELL® mold-testing devices. *Id.* ¶ 11. AIR-O-CELL® devices are single-use "indoor air quality sampling cassettes," allegedly recognized for their ability to "consistently provide reliable test results." *Id.* ¶¶ 11–12, 14.

Zefon allegedly "sold its AIR-O-CELL® devices directly to end-users since it first began offering the device" and additionally "made bulk private-label sales . . . to testing laboratories, who then resell to end users." *Id.* ¶¶ 17–18. Even when selling to testing laboratories, "the devices still prominently included Plaintiff's AIR-O-CELL® trademark on a paper sticker seal covering

---

[2] The ZEFON® trademark, United States Trademark Registration No. 2790526, was allegedly registered on December 9, 2013. Compl. ¶ 10. The AIR-O-CELL® trademark, United States Trademark Registration No. 2731728, was allegedly registered on July 1, 2003. *Id.* ¶ 11.

2
Case No. 20-CV-08493-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

the inlet and outlet and its ZEFON® trademark etched into the cassette housing and/or on the paper label." *Id.* ¶ 19.

Plaintiff alleges that "[i]n or around 2010, [Zefon] agreed to make promotional [private-labeled] AIR-O-CELL® devices for Defendant." *Id.* ¶ 20. From 2010 to 2019, Zefon allegedly "sold Defendant over one-million private-labeled AIR-O-CELL® cassettes." *Id.* ¶ 21. In 2020, Plaintiff learned that laboratories "were receiving mold tests in the form of ZEFON® AIR-O-CELL® cassettes and bearing Defendant's PRO-LAB® trademark, but were yielding poor or unreadable results." *Id.* ¶ 22.

Plaintiff contends that Defendant "reus[ed] discarded ZEFON® AIR-O-CELL® cassettes" and "replac[ed] the internal collection media with different and inferior components." *Id.* Although the reused cassettes allegedly did not bear the AIR-O-CELL® trademark, they "[bore] Plaintiff's ZEFON® trademark etched into the cassette housings." *Id.* ¶ 23. Plaintiff contends that it "has received complaints from multiple laboratories that have mistaken Defendant's reused mold test devices as genuine original devices from Plaintiff," and that Plaintiff "has not consented to Defendant's reusing ZEFON® branded cassettes." *Id.* ¶¶ 25, 28.

### B. Procedural History

On December 1, 2020, Zefon filed the instant case against Defendant. *Id.* The Complaint alleges five causes of action: (1) trademark infringement under 15 U.S.C. § 1114(1); (2) federal unfair competition under 15 U.S.C. § 1125(a); (3) violation of the UCL; (4) trademark infringement under common law; and (5) unfair competition under state common law. Compl. ¶¶ 29–54.

On December 29, 2020, Defendant filed a motion to dismiss Plaintiff's Complaint. ECF No. 9 ("Mot."). On January 12, 2021, Plaintiff filed an opposition. ECF No. 17 ("Opp'n"). On January 20, 2021, Defendant filed a reply. ECF No. 24 ("Reply").

On April 12, 2021, the Court granted the parties' stipulation to substitute Cole-Parmer Instrument Company LLC ("Cole-Parmer") in place of Zefon as Plaintiff in the instant case after Cole-Parmer "acquired certain assets of [Zefon] at issue in this proceeding, including the

3
Case No. 20-CV-08493-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1    trademarks ZEFON® and AIR-O-CELL®." ECF No. 39.

2    **II.     LEGAL STANDARD**

3        **A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(2)**

4-10    In a motion challenging personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, "bears the burden" of establishing that jurisdiction exists. *In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).

11-21    However, this standard "is not toothless," and the party asserting jurisdiction "cannot simply rest on the bare allegations of its complaint." *In re Boon Global Ltd.*, 923 F.3d at 650 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Thus, the Court may consider declarations and other evidence outside the pleadings to determine whether the Court has personal jurisdiction. *See In re Boon Global Ltd.*, 923 F.3d at 650 (explaining standard). At this stage of the proceeding, "uncontroverted allegations in plaintiff's complaint must be taken as true, and '[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *Id.* (quoting *Schwarzenegger*, 374 F.3d at 800). However, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal quotation marks and citation omitted).

22        **B. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

23-27    Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

United States District Court
Northern District of California

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing

1  amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

2  moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

3  (9th Cir. 2008).

**III.  DISCUSSION**

Plaintiff brings five claims: (1) trademark infringement under 15 U.S.C. § 1114(1); (2) federal unfair competition under 15 U.S.C. § 1125(a); (3) violation of the UCL; (4) trademark infringement under common law; and (5) unfair competition under state common law. Compl. ¶¶ 29–54.

Defendant moves to dismiss Plaintiff's Complaint on several grounds. First, Defendant argues that Defendant is not subject to personal jurisdiction in California. Mot. at 9. Second, Defendant argues that venue in the Northern District of California is improper. Mot. at 16. Third, Defendant argues that Plaintiff's claims are governed by the forum selection clause in the invoices from the initial sale of AIR-O-CELL® cassettes. Mot. at 17. Fourth, if this Court has personal jurisdiction over Defendant and venue is proper, Defendant argues that the Court should transfer this action to the Southern District of Florida. Mot. at 20. Finally, Defendant argues that the Complaint's third, fourth, and fifth causes of action fail to state a claim. Mot. at 22. Because the Court finds that Plaintiff has not met its burden of establishing that the Court has personal jurisdiction over Defendant in the instant case, the Court dismisses Plaintiff's Complaint and does not reach Defendant's other arguments. The Court discusses Defendant's personal jurisdiction argument below.

**A.  Personal Jurisdiction**

When there is no applicable federal statute governing personal jurisdiction, as is the case here, the law of the forum state determines personal jurisdiction. *See Schwarzenegger*, 374 F.3d at 800 ("Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."). California's long arm statute, Cal. Civ. Proc. Code § 410.10, is co-extensive with federal due process requirements, and therefore the jurisdictional analyses under California law and federal due process are the same. *See*

6

Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Mavrix Photo, Inc.*, 647 F.3d at 1223 ("California's long-arm statute . . . is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same.").

For a court to exercise personal jurisdiction over a defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In addition, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Courts recognize "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Meyers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). The Court discusses each form of personal jurisdiction in turn.

**1. General Jurisdiction**

Defendant first argues that Defendant is not subject to general personal jurisdiction in California. Mot. at 9. General personal jurisdiction exists where a defendant is physically present or where a defendant's activities in the forum state are "continuous and systematic" such that the contacts approximate physical presence in the forum state. *See Schwarzenegger*, 374 F.3d at 801. "General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (internal quotation marks omitted). "With respect to a corporation, the place of incorporation and principal place of business

are paradig[matic] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal quotation marks omitted). Following the United States Supreme Court's decision in *Daimler AG*, the Ninth Circuit has rejected the notion that "general jurisdiction is appropriate whenever a corporation 'engages in a substantial, continuous, and systematic course of business' in a state." *Martinez*, 764 F.3d at 1070 (internal citation omitted). Rather, if a business is not incorporated in and does not have its principal place of business in a forum state, "[o]nly in an 'exceptional case' will general jurisdiction be available." *Id.*

Defendant argues that Defendant is not at home in the forum state and that no exceptional circumstances apply in the instant case. Mot. at 10. In response, Plaintiff argues that Defendant's "activities in California are certainly substantial, and appear to be continuous and systematic, such that this Court can reasonably find general jurisdiction." Plaintiff contends that this is an exceptional case because Defendant previously had an office in the forum, third-party retailers sell Defendant's products in the forum, and Defendant "directly targets Californians." Opp'n at 8.

The Court will first address whether Defendant is at home in the forum state under controlling precedent of the United States Supreme Court and Ninth Circuit. The Court will then address whether this is an "exceptional case" in which the Court has general personal jurisdiction over Defendant despite the fact that Defendant's place of incorporation and principal place of business are not located in the forum. *Martinez*, 764 F.3d at 1070 (internal citation omitted).

First, Defendant argues that Defendant is not at home in the forum state because Defendant is a "Florida corporation with no offices, employees, or physical presence in California." Mot. at 10. "With respect to a corporation, the place of incorporation and principal place of business are paradig[matic] . . . bases for general jurisdiction." *Daimler AG*, 571 U.S. at 137 (internal quotation marks and citation omitted). Thus, a corporation is at home in the forum state if "the place of incorporation and principal place of business" are in the forum state. *Martinez*, 764 F.3d at 1070. Plaintiff concedes that Defendant is a Florida corporation with its principal place of business in Weston, Florida. Compl. ¶ 3. Accordingly, Defendant cannot be fairly regarded as "at home" in California under the "paradig[matic] . . . bases for general jurisdiction." *Daimler AG*, 571 U.S. at

8

1  137.

2  Second, Defendant argues that the instant case is not an exceptional case in which the Court has general personal jurisdiction over Defendant. Mot. at 10. In response, Plaintiff argues that several exceptional circumstances subject Defendant to general personal jurisdiction in the forum. First, Plaintiff contends that Defendant "previously had an office in California." Opp'n at 7, 8. Second, Plaintiff contends that Defendant's goods are available to the public through retailers with a significant presence in California. Compl. ¶ 5; Opp'n at 7. Finally, Plaintiff contends that Defendant is "directly target[ing] Californians" by expressly complying with California's Online Privacy Protection Act and by actively promoting its membership with the California Real Estate Inspectors Association and certification by the California Department of Public Health. Opp'n at 8. The Court considers Plaintiff's three arguments below.

First, Plaintiff contends that this is an exceptional case because Defendant "previously had an office in California." Opp'n at 7, n.7; Opp'n at 8. However, Plaintiff's contention that Defendant "previously had an office in California" does not subject Defendant to general personal jurisdiction in the forum state for two reasons. First, the United States Supreme Court and courts in the Ninth Circuit have held that even currently having an office or facility in the forum state (rather than having a headquarters) does not suffice to establish general personal jurisdiction. *See, e.g.*, *Daimler AG*, 571 U.S. at 123 (finding "multiple California-based facilities," including a regional office, insufficient to establish general personal jurisdiction); *Pestmaster Franchise Network, Inc. v. Mata*, 2017 WL 1956927, at *3 (N.D. Cal. May 11, 2017) (finding defendant's three franchises located in California insufficient to establish general personal jurisdiction); *Garlough v. FCA US LLC*, 2021 WL 1534205, at *3 (E.D. Cal. Apr. 19, 2021) (finding defendant's two facilities located in the state insufficient to establish general personal jurisdiction). Moreover, even if having an office in the forum state sufficed to establish general personal jurisdiction, Plaintiff does not allege that Defendant currently has an office in California.

Second, Plaintiff contends that this is an exceptional case because Defendant's goods are available to California residents through retailers with a significant presence in California. Compl.

¶ 5; Opp'n at 7. However, as courts in this circuit have recognized, the fact that a defendant's products are available through a retailer in a forum state is not sufficient to establish general personal jurisdiction over a defendant in that forum. *See, e.g.*, *Kellman v. Whole Foods Mkt., Inc.*, 313 F. Supp. 3d 1031, 1045–1046 (N.D. Cal. 2018) (finding "employees in California, store operations in California, [product sales] in California, and dictating operations in California" insufficient to establish general personal jurisdiction); *Ketayi v. Health Enrollment Grp.*, 2021 WL 347687, at *5 (S.D. Cal. Feb. 2, 2021) (finding that "[m]erely doing business or contracting to do business" in California did not establish general personal jurisdiction); *Garlough*, 2021 WL 1534205, at *3 (finding plaintiff's allegation that defendant "sells and transports hundreds and thousands of cars in the State" insufficient to establish general personal jurisdiction). If Defendant were "essentially at home" in California, Defendant would be "essentially at home" in any state where these major retailers have a significant number of locations and sell the allegedly infringing product. The United States Supreme Court's decision in *Daimler AG v. Bauman* makes clear that any theory that would apply general personal jurisdiction in "every State" is "unacceptably grasping." *See Daimler AG*, 571 U.S. at 139 ("If [defendant's] California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which [defendant's] sales are sizable.").

Finally, Plaintiff argues that this is an exceptional case because Defendant "is not just putting its goods in the stream of commerce but directly target[ing] Californians." Opp'n at 8. To offer support for this allegation, Plaintiff makes several contentions. First, Plaintiff alleges that Defendant's website expressly complies with California's Online Privacy Protection Act. *Id.* However, as courts in this district have recognized, compliance with California's privacy policy does not by itself demonstrate that Defendant "intentionally targeted consumers in California." *Voodoo SAS v. SayGames LLC*, 2020 WL 3791657, at *5 (N.D. Cal. July 7, 2020) (finding that defendant's compliance with California-specific privacy policy did not establish that defendant intentionally targeted California consumers for the purposes of establishing personal jurisdiction). Accordingly, Defendant's compliance with California's privacy law does not establish that the

Court has general personal jurisdiction over Defendant.

Next, Plaintiff alleges that Defendant actively promotes its membership with the California Real Estate Inspectors Association and is certified by the California Department of Public Health. Opp'n at 8. However, Defendant similarly promotes its membership in organizations and its certification by departments within other states, including Florida, Georgia, Iowa, Kentucky, Indiana, and Maine. ECF No. 17-2, Exhibit B. Plaintiff cites only to pre-*Daimler AG* cases to contend that these contacts establish general personal jurisdiction. Opp'n at 8. However, Plaintiff's argument lacks merit after the United States Supreme Court's decision in *Daimler AG*. If Defendant was regarded as "fairly at home" in California using these criteria, Defendant would be "fairly at home" in every state where Defendant belongs to an organization or is certified by a department or association. *Daimler AG* is clear that any theory that would apply general personal jurisdiction in "every State" is "unacceptably grasping." *Daimler* AG, 571 U.S. at 138.

Accordingly, Defendant's contacts with the forum do not demonstrate that the Court has general personal jurisdiction over Defendant under the stringent requirements established by the United States Supreme Court and Ninth Circuit.

### 2. Specific Jurisdiction

Defendant next argues that Defendant is not subject to specific personal jurisdiction in California. Mot. at 10. Specific personal jurisdiction is proper when a suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteroes Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Whether a court has specific personal jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation," and "the defendant's suit-related conduct must create a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781; *see also Goodyear*, 564 U.S. at 931 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over claims *unrelated to those sales*." (emphasis added)).

11
Case No. 20-CV-08493-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

The Ninth Circuit applies a three-part test to determine if the exercise of specific personal jurisdiction over a nonresident defendant is appropriate: (1) the defendant must purposefully direct its activities at residents of the forum or purposefully avail itself of the privilege of doing business in the forum; (2) the plaintiff's claim must arise out of or relate to those activities; and (3) the assertion of personal jurisdiction must be reasonable and fair. *Schwarzenegger*, 374 F.3d at 802. It is the plaintiff's burden to plead allegations that satisfy the first two prongs. *Id.* (citing *Sher*, 911 F.2d at 1361). If the plaintiff meets this initial burden, then the burden shifts to the defendant to show why the exercise of specific personal jurisdiction would not be reasonable and fair under prong three. *Schwarzenegger*, 374 F.3d at 802 (citing *Burger King*, 471 U.S. at 476–78). The Court first considers whether Plaintiff has adequately established that Defendant purposefully directed its activities at residents of the forum. The Court then considers whether Plaintiff has adequately established that its claims arises out of Defendant's activities in the forum. The Court does not reach the third prong because Plaintiff has not adequately pled allegations that satisfy the first two prongs.

### a. Purposeful Availment or Purposeful Direction

Plaintiff must first show that Defendant "purposefully directed its activities at residents" of the forum or "purposefully availed itself of the privilege of conducting activities" in the forum. *Schwarzenegger*, 374 F.3d at 802. For trademark infringement actions, the Ninth Circuit requires a showing of purposeful direction. *See, e.g., Schwarzenegger*, 374 F.3d at 802 (explaining that cases involving tortious conduct look for purposeful direction); *Mavrix*, 647 F.3d at 1228 (same). Likewise, courts in the Ninth Circuit require a showing of purposeful direction for claims brought pursuant to the UCL. *See, e.g., Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 960 (N.D. Cal. 2015) (using purposeful direction test for unfair competition claims); *Miller v. S & S Hay Co.*, 2013 WL 3212494, at *2 (E.D. Cal. June 24, 2013) (same).

To establish purposeful direction, the plaintiff must satisfy a three-part test drawn from the United States Supreme Court's decision in *Calder v. Jones*: (1) the defendant must have committed an intentional act; (2) the defendant's act was expressly aimed at the forum state; and

12

(3) the defendant knew the brunt of the harm was likely to be suffered in the forum state. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783, 788–789 (1984)). "Failing to sufficiently plead any one of these three elements is fatal to Plaintiff's attempt to show personal jurisdiction." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1163 (N.D. Cal. 2014) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128-29 (9th Cir. 2010)). The Court first addresses whether Defendant committed an intentional act. The Court next addresses whether Defendant's act was expressly aimed at the forum state. Because Plaintiff fails to sufficiently plead the second prong, the Court does not address the third prong. *Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of [the first two] prongs, [specific] personal jurisdiction is not established in the forum state.").

### i. Intentional Act

Under the first prong of the *Calder* test, Plaintiff first must demonstrate that Defendant's conduct constituted an intentional act. Defendant concedes that Defendant's conduct constituted an intentional act, but the Court briefly analyzes this first prong to confirm that the Court has specific personal jurisdiction over Defendant.

In the context of the *Calder* test, an intentional act is "an external manifestation of the actor's intent to perform an actual, physical act in the real world." *Washington Shoe Co. v. A-Z Sporting Goods*, 704 F.3d 668, 674 (Dec. 17, 2012); *see also Schwarzenegger*, 374 F.3d at 806 (an intentional act "refers to an intent to perform an actual, physical act in the real world."). Under Ninth Circuit case law, the "threshold of what constitutes an intentional act is relatively low." *AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225, 1233 (N.D. Cal. 2014).

In the instant case, Plaintiff has adequately alleged several acts by Defendant that meet the definition of an intentional act. Plaintiff alleges that "Defendant actively markets and sells goods in the State of California and in this judicial district that bear the infringing trademark at issue." Compl. ¶ 5. Plaintiff further alleges that "Defendant actively markets and sells goods through its websites that are accessible from this judicial district, and . . . have been accessed by consumers located in this judicial district." *Id.* These factual allegations clearly evince Defendant's intent to

13
Case No. 20-CV-08493-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1   perform "an actual, physical act in the real world." *Schwarzenegger*, 374 F.3d at 806. In fact,

2   district courts in the Ninth Circuit have found similar acts to satisfy the intentional act

3   requirement. *See, e.g.*, *Chanel Inc. v. Yang,* 2013 WL 5755217, at *7 (N.D. Cal. Oct. 21,

4   2013) (finding an intentional act for offering for sale allegedly infringing products on a website).

5   Therefore, the first prong of the *Calder* test is satisfied.

### ii. Express Aiming

Under the second prong of the *Calder* test, Plaintiff must demonstrate that Defendant's acts were expressly aimed at the forum state. To satisfy this prong of the *Calder* test, "express aiming" requires "something more" than "a foreign act with foreseeable effects in the forum state." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018) (quoting *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). For instance, "'random, fortuitous, or attenuated contacts' are insufficient to create the requisite connection to the forum." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). In determining whether a nonresident defendant has done "something more," the Ninth Circuit has considered multiple factors: the "interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Mavrix Photo, Inc.*, 647 F.3d at 1229 (citations omitted).

Plaintiff has failed to adequately allege that Defendant's acts were expressly aimed at the forum state. Specifically, Plaintiff alleges that Defendant's website lists retailers that sell Defendant's products, and that "one or more" of these retailers "are located in or sell to consumers located in this judicial district." Compl. ¶ 5. Plaintiff additionally includes screenshots of Defendant's products that are available for purchase at retailers' California locations, ECF. No. 17-2, Ex. A, and alleges that Defendant's products are sold in at least 260 California stores. Opp'n at 7, n.7.

These factual allegations are insufficient to meet the express aiming requirement. Although Plaintiff's screenshots demonstrate that PRO-LAB products are sold in the forum state, none of Plaintiff's screenshots establish that Defendant itself sold products to customers in the forum state.

1  Instead, Plaintiff has provided evidence that third-party retailers sell Defendant's products within
2  the forum state. As courts within this circuit have recognized, the fact that retailors sell
3  Defendant's products in the forum does not itself demonstrate that Defendant expressly aimed its
4  conduct at the forum. *See Johnson v. Blue Nile, Inc.,* 2021 WL 1312771, at *3 (N.D. Cal. Apr. 8,
5  2021) (finding that defendant was not "expressly aiming" when defendant sold a product to a third
6  party who did business in the forum); *see also Massie v. Gen. Motors Co.*, 2021 WL 2142728, at
7  *8 (E.D. Cal. May 26, 2021) (finding that "a vendor selling a product to [a third party], even if
8  [the third party] has substantial business in California and the vendor knew it" does not establish
9  that defendant "expressly aimed its activities" at California). Rather, such allegations establish
10 only that a third-party retailer expressly aimed products at consumers in the forum. *Id.* As such,
11 screenshots of Defendant's products sold at national retailers' California locations are insufficient
12 to establish that Defendant's acts were expressly aimed at the forum. *See Blue Nile*, 2021 WL
13 1312771, at *3 (defendant was not "expressly aiming" when defendant sold a product to a third
14 party who did business in the forum). Such "'attenuated contacts' are insufficient to create the
15 requisite connection to the forum." *Morrill*, 873 F.3d at 1142.

16     Plaintiff further asserts that "Defendant actively markets and sells goods through its
17 websites that are accessible from this judicial district, and . . . have been accessed by consumers
18 located in this judicial district." Compl. ¶ 5. However, Plaintiff fails to provide a single specific
19 factual allegation to illustrate that Defendant has directly marketed a product to or sold a product
20 to a California resident from its website. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir.
21 2007) (explaining that plaintiff's "mere 'bare bones' assertions of minimum contacts with the
22 forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's
23 pleading burden."). Accordingly, Plaintiff has not adequately alleged that Defendant's acts were
24 expressly aimed at California.

25     Because Plaintiff has not satisfied the second prong of the *Calder* purposeful direction test
26 by establishing that Defendant's acts were expressly aimed at the forum state, the Court need not
27 reach the third prong of the *Calder* test, i.e. foreseeable harm. *Schwarzenegger*, 374 F.3d at 807

28

1  (ending its application of the *Calder* test after finding that plaintiff had failed to make "out a prima

2  facie case that [defendant] expressly aimed its acts at California"). Accordingly, Plaintiff has not

3  adequately demonstrated that Defendant "purposefully directed its activities at residents" of the

4  forum. *Id.* at 802. As such, the Court finds that Plaintiff has failed to establish that the Court has

5  specific personal jurisdiction over Defendant in this case.

6  Because the Court grants Plaintiff leave to amend, and in anticipation that Plaintiff may

7  file an amended complaint, the Court explains below that Plaintiff has also failed to meet the

8  second prong of the specific personal jurisdiction test by failing to establish that Plaintiff's claims

9  arise out of Defendant's forum-related activities. Plaintiff's failure to establish that Plaintiff's

10 claims arise out of Defendant's forum-related activities is an independent basis upon which the

11 Court finds that it lacks specific personal jurisdiction over Defendant.

12 **b. Plaintiff's Claims Do Not Arise Out of Forum-Related Activities**

13 The second prong of the specific personal jurisdiction test requires Plaintiff to establish

14 that Plaintiff's claims arise out of or relate to Defendant's activities in the forum. *Schwarzenegger*,

15 374 F.3d at 802 (stating that "the claim must be one which arises out of or relates to the

16 defendant's forum-related activities"). Even if Plaintiff met the requirements of the first prong of

17 the specific personal jurisdiction test by sufficiently alleging that Defendant purposefully directed

18 its acts at residents of the forum state, Plaintiff has failed to adequately allege that Plaintiff's

19 claims arise out of Defendant's activities in the forum.

20 To determine whether a plaintiff's claims arise out of a defendant's forum-related

21 activities, courts use a traditional "but for" causation analysis. *Bancroft,* 223 F.3d at 1088. The

22 Ninth Circuit has recognized that in trademark or copyright infringement actions, if the

23 defendant's infringing conduct harms the plaintiff in the forum, this prong is satisfied. *See, e.g.*,

24 *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1322 (9th Cir. 1998) (finding that defendant's

25 registration of plaintiff's trademarks as his own harmed the plaintiff in the forum and thus arose

26 out of defendant's forum-related activities); *see also CollegeSource, Inc. v. AcademyOne,*

27 *Inc.,* 653 F.3d 1066, 1079 (9th Cir. 2011) (finding that defendant's downloading and republishing

28

of plaintiff's catalogs harmed plaintiff in California and thus arose out defendant's "forum activities").

Plaintiff alleges that Plaintiff's claims arise out of Defendant's forum-related activities because "Defendant actively markets and sells goods in the [s]tate of California and in this judicial district that bear the infringing trademark at issue in this case." Compl. ¶ 5. In support of this allegation, Plaintiff submits screenshots of products sold in the forum at several national retailers. Opp'n; ECF. No. 17-2, Ex. A. However, these screenshots do not provide a single example of Defendant selling products that bear the specific infringing mark at issue in this case. Instead, Plaintiff's screenshots demonstrate that Defendant's non-infringing products are sold at retail locations in California. *See id.* These non-infringing products are not related to Plaintiff's claims in the instant case. Evidence that Defendants' non-infringing products are currently sold in California does not demonstrate that Plaintiff's claims arise out of Defendant's activities in the forum state. *See, e.g.*, *Rain Design, Inc. v. Spinido, Inc.*, 2018 WL 7269019, at *4 (N.D. Cal. Nov. 15, 2018) (finding that the court lacked personal jurisdiction over defendants because "[t]he boilerplate allegations lack 'something more' to show that [d]efendants have purposefully directed their activities at California").

Thus, Plaintiff's conclusory allegations that Defendant sells goods in California that bear the infringing marks are not supported by any specific factual allegations or supporting evidence. Without specific factual allegations that the products bearing the infringing marks are sold in the forum state, Plaintiff has failed to establish that Defendant's allegedly infringing conduct harms Plaintiff in the forum state. *Swartz*, 476 F.3d at 766 ("Mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden" to establish personal jurisdiction); *Panavision Int'l, L.P.,* 141 F.3d at 1322 (finding that defendant's registration of plaintiff's trademarks as his own harmed the plaintiff in the forum because plaintiff conducted business in and resided in the forum state). Thus, Plaintiff has failed to adequately allege that Plaintiff's claims in the instant case arises out of Defendant's activities in California.

17
Case No. 20-CV-08493-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1   Because Plaintiff has not met its burden to plead allegations satisfying the first two prongs

2   of the specific personal jurisdiction test, the Court need not reach the third prong, i.e. whether the

3   exercise of personal jurisdiction would be reasonable and fair. *Schwarzenegger*, 374 F.3d at 802

4   ("If the plaintiff fails to satisfy either of [the first two] prongs, [specific] personal jurisdiction is

5   not established in the forum state."). Thus, the Court concludes that it lacks specific personal

6   jurisdiction over Defendant in the instant case.

7   Plaintiff has therefore failed to establish that the Court has general or specific personal

8   jurisdiction over Defendant. Accordingly, the Court GRANTS Defendant's motion to dismiss

9   Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court does so

10  with leave to amend because amendment would not be futile, unduly prejudice the parties, or

11  cause undue delay, and Plaintiff has not acted in bad faith. *See Leadsinger*, 512 F.3d at 532.

### 3. Jurisdictional Discovery

Plaintiff requests leave to conduct jurisdictional discovery in the event the Court determines that Plaintiff has not sufficiently pleaded facts to support personal jurisdiction. Opp. at 15. "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quotation marks omitted). A court can deny jurisdictional discovery, however, "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Am. W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (quotation marks omitted), or where the request for discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Because discovery could demonstrate facts sufficient to confer personal jurisdiction, the Court grants Plaintiff leave to conduct jurisdictional discovery. The Court notes that the parties are already conducting discovery in this case. *See, e.g.*, ECF No. 43, at 5 (explaining the parties discovery progress).

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's

18

Case No. 20-CV-08493-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Complaint for lack of personal jurisdiction with leave to amend. The Court also GRANTS Plaintiff's request for leave to conduct jurisdictional discovery. Plaintiff shall file any amended complaint within 30 days of this Order. Failure to do so, or failure to cure deficiencies identified herein or identified in the instant motion to dismiss, will result in dismissal of the deficient claims with prejudice. Plaintiff may not add new claims or parties without a stipulation or leave of the Court. Plaintiff must attach a redline copy comparing the amended complaint with the complaint.

**IT IS SO ORDERED.**

Dated: July 20, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge